[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Invasion of Privacy
The plaintiff's Second Revised Complaint attempts to bring the invasion of privacy cause of action within the second class of tort described by our Appellate Court in Tasko v.Filipovic, 45 Conn. App. 46 (1997) namely, "intrusion upon seclusion."
An unreasonable intrusion upon one's seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns in a manner which is highly offensive to a reasonable person." Shwartz v. Royal, CV 95 0553218, J.D. Hartford at Hartford, Hennessey, J. (1996); 3 Restatement (Second) Torts § 652 B (1977). CT Page 13004
While the plaintiff has now alleged that the defendant discovered his "assorted personal and private items" such an allegation is conclusory and therefore inadequate in the absence of a statement of issuable facts that identify the interest (other than his personal preference) of the plaintiff in keeping these items private.
Moreover, the plaintiff has failed to allege facts to support the allegation that the defendant's intrusion would have been highly offensive to a reasonable person.
Accordingly, the motion to strike the first count of the Second Revised Complaint is granted.
II. Intentional Infliction of Emotional Distress
This count now recites the conclusory allegations which accurately contain the essential elements of the cause of action. However, the allegations are totally lacking in issuable facts necessary to support the elements. These allegations are similar to those that were found insufficient in GTT Corp, Trustee v.Ferris, CV 93-0527211, J.D. New London, 1994, Parker, J. There, as here, the plaintiff has not alleged why the defendant should have realized that its discovery of these items might have put the plaintiff at risk of suffering emotional distress and that that distress might have caused the plaintiff to become ill or suffer bodily harm.
The motion to strike the second count of the Second Revised Complaint is granted.
Mottolese, J.